NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOINT WELFARE FUND, LOCAL UNION NO. 164, I.B.E.W., TRUSTEES OF JOINT WELFARE FUND, LOCAL UNION NO. 164, I.B.E.W., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL C. LONG, III, KAREN NAGEL, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 09-CV-873 (DMC-JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs Joint Welfare Fund, Local Union No. 164, I.B.E.W. (The "Fund") and Trustees of Joint Welfare Fund (collectively, "Plaintiffs") for entry of judgment by default pursuant Federal Rule of Civil Procedure 55(b)(2) against Defendants Michael C. Long, III ("Long") and Karen Nagel ("Nagel") (collectively, "Defendants").  Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated below, Plaintiffs' motion for entry of default judgment is **denied**.

**BACKGROUND**[1]

The Joint Welfare Fund is a trust fund providing medical, surgical, and hospital benefits and

---

[1] The facts set forth in this Opinion are taken from the Parties' statements in their respective briefs.

benefits in the event of sickness, accident, disability, and death, to participants in the Fund and their eligible dependents (Plaintiffs' Complaint ("Compl.") at 2). Prior to May 5, 2000, Long was a participant in the Fund's plan of benefits, and as such, Long was eligible for benefits from the Fund. Id. at 3. During that time, as the spouse of Long, Nagel was also eligible for benefits from the Fund. Id.

On or about May 5, 2000, Long and Nagel divorced. Accordingly, on or about May 5, 2000 Nagel ceased to be eligible for benefits from the Fund. Id. Plaintiffs maintain that they were not aware of the divorce until December 9, 2008 when Long notified the Fund of the divorce. Id. Plaintiffs further maintain that during the period of time from May 5, 2000 to July 14, 2007, Nagel obtained benefits from the Fund, in the form of payment for medical treatment and prescription drugs, in the totaling $18,934.77. Id. Accordingly, on February 25, 2009, Plaintiffs filed a Complaint demanding judgment against Long and Nagel for $18,934.77, together with interest, attorney's fees and costs associated with bringing the action, and any other legal or equitable relief as the Court may deem appropriate. Id. at 4-6.

Long and Nagel were served with the Summons and Complaint on March 16, 2009 and March 5, 2009, respectively. Defendants failed to respond, and on April 29, 2009, judgment by default was entered against Defendants for the sum of $18,934.77. On May 21, 2009, this Court vacated that judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, following a letter from Defendants stating their reasons for failing to properly appear before the Court in a timely manner.[2] On October 16, 2009, the presiding Magistrate Judge ruled that if Defendants wished to

---

[2] Fed. R. Civ. P. 60(b) permits the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," as well as for "any other reason that justifies relief." In this case, the Court found that

file answers to the Plaintiffs' Complaint, they must do so within thirty days. Given that Defendants had failed to Answer to the Complaint or otherwise proceed in this matter since October 16, 2009, Plaintiffs filed the instant motion for entry of default judgment on December 1, 2009.

On December 31, 2009, in response to Plaintiffs' motion, Long and Nagel submitted certified statements to the Court. In his statement Long asserts that he continually notified the Fund representatives that he and Nagel were divorced in June 2000 and that, despite his repeated notifications, the Fund continued sending statements to Nagel. Letter from Michael Long to the Court (Dec. 29, 2009). Given that the Fund ultimately stopped sending statements to Nagel, Long contends that the Fund was on notice of the divorce. Id. Long also maintains that he was unaware that Nagel billed her back surgery to the Fund, and absent such knowledge, Long contends he is not responsible for the Fund's oversight in paying Nagel's surgery. Id. In her statement, Nagel alleges that she believed she was covered by Long's insurance plan after their divorce in June 2000. Letter from Karen Nagel to the Court (Dec. 30, 2009). Moreover, Nagel maintains that had she been alerted to her ineligibility upon her divorce from Long, she would have proceeded through the State because her low income qualified her for Medicaid. Id.

Defendants request that the Court denies Plaintiffs' motion for entry of default judgment and allows them to proceed to trial.

**STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure makes a distinction between an "entry of default" and a "judgment by default." In accordance with Fed. R. Civ. P. 55:

---

Defendants' failure to properly appear in this matter was excusable and justified relief from the default judgment. See Order vacating Default Judgment signed by Judge Dennis Cavanaugh on May 20, 2009.

>  (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
>  (b) Entering a Default Judgment.
>  (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>  (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>  (A) conduct an accounting;
>  (B) determine the amount of damages;
>  (C) establish the truth of any allegation by evidence; or
>  (D) investigate any other matter.

Default judgments are generally disfavored in the Third Circuit. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir.2008). See U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-195 (3d Cir.1984) ("[T]his court does not favor entry for defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir.1951))). However, the decision to enter a default judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's

delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154,164 (3d Cir.2000); see $55,518.05 in U.S. Currency, 728 F.2d at 195.

## DISCUSSION

The Court is required to consider three factors in exercising its discretion in granting or denying Plaintiffs' motion for default judgment: (1) whether Plaintiffs will be prejudiced if default is denied; (2) whether Defendants have a meritorious defense; and (3) whether the default was the result of Defendants' culpable conduct. Chamberlain, 210 F.3d at 164. In this instance, Plaintiffs have not demonstrated any prejudice that would result from the denial of their motion for default judgment, other than the financial costs associated with the case proceeding to the trial. Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent a court from denying motion for default judgment. See Tozer, 189 F.2d at 246. Since the record does not support a claim of prejudice to Plaintiffs if the motion for entry of default judgment is denied, the Court concludes that the first factor weighs in Defendants' favor.

With respect to a second factor, the showing of a meritorious defense, is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Tozer, 189 F.2d at 244. Here, Defendants present a viable and potentially meritorious defense, namely, the contention that Defendants notified the Fund of the divorce. Letter from Michael Long to the Court (Dec. 29, 2009). If established at trial, the defense alleged may constitute a complete defense because Defendants did not "fail[] and refuse[] to notify the Fund of the divorce" and did not "cause[] the Fund to provide benefits for Nagel even though Nagel was not eligible for the benefits." (Compl. at 4). Thus, without expressing a view on the merits of the defense, the Court

concludes that this factor weighs in favor of Defendants.

The third factor focuses on whether Defendants' conduct was culpable. The Third Circuit Court of Appeals has identified culpable conduct as conduct that is "taken willfully or in bad faith." <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 124 (3d Cir.1983). Defendants allege that they had been in a continuous contact with the Plaintiffs' lawyer, Mr. Carlson. <u>Letter from Karen Nagel re Application/Petition</u> (May 7, 2009). Defendants further contend copies of the bankruptcy information were forwarded to Mr. Carlson and were led to believe that information would suffice for purposes of resolving the instant matter.[3] <u>Id.</u> Defendants maintain that only upon notice of default did they discover that they should have been communicating with the Court instead. <u>Letter from Michael C. Long re Default Judgment</u>, (May 12,2009). In the absence of bad faith, the assertion of a potentially meritorious defense and a lack of prejudice towards Plaintiffs, the Court concludes that a balance of the <u>Chamberlain</u> factors favors the denial of the Plaintiffs' motion for entry of default judgment.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for entry of default judgment is **denied**. An appropriate Order accompanies this Opinion.

      S/ Dennis M.Cavanaugh  
      Dennis M. Cavanaugh, U.S.D.J.

Date:      August  19  , 2010  
Original:   Clerk's Office  
cc:        All Counsel of Record  
           The Honorable J.A. Dickson, U.S.M.J.  
           File

---

[3] Defendant Karen Nagel was granted a discharge under section 727 of title 11, United States Code (the Bankruptcy Code) on August 29, 2008.